UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DAVIS,<br><br>                Plaintiff,<br><br>    v.<br><br>G. O'BRIEN, *et al.*,<br><br>                Defendants. | Case No. 1:19-cv-01032-JDP<br><br>SCREENING ORDER<br><br>FIRST AMENDED COMPLAINT DUE IN THIRTY DAYS<br><br>ECF No. 1 |

      Plaintiff Kenneth Davis is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that, during an altercation with another prisoner, defendant Speth shot him in the head with a "sponge round," causing brain injuries. ECF No. 1 at 3. Plaintiff lists nine prison officials as defendants,[1] but the actions of defendant

---

[1] Plaintiff also includes the California Department of Corrections and Rehabilitation ("CDCR") in the caption of his complaint, but does not include CDCR in the list of defendants inside his complaint. While I assume that plaintiff does not wish to include CDCR as a defendant, I note that the CDCR is also not a "person" for the purposes of 42 U.S.C. § 1983 and therefore could not be not subject to this suit. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Coleman v. California Dep't of Corr. & Rehab.*, No. 06-2606, 2009 WL 648987, at *3 (C.D. Cal. Mar. 10, 2009) ("There is no dispute that the California Department of Corrections and Rehabilitation is a state agency. As such, it is not amenable to suit under § 1983.").

1

Speth are the only ones described in the complaint, and plaintiff's description of Speth's actions lacks details needed to state a claim. *See id*. I thus find that the complaint fails to state a claim, though I give plaintiff leave to file an amended complaint within 30 days.

**SCREENING AND PLEADING REQUIREMENTS**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**DISCUSSION**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by

federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

Plaintiff has failed to satisfy the causation requirement for all defendants other than defendant Speth. The actions of these defendants are simply not described in plaintiff's complaint. Thus, I can infer no personal connection to any alleged deprivation of rights.

Defendant Speth, on the other hand, is a state-prison employee who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))).

But Plaintiff's allegations against defendant Speth are vague and lack details needed to state an excessive-force Eighth Amendment claim. The core inquiry in this context is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam); *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Even deadly force against an inmate may be constitutionally defensible under some circumstances. *See Whitley v. Albers*, 475 U.S. 312, 326 (1986) (holding that shooting an inmate to restore prison security during a riot did not violate the Eighth Amendment).

Here, plaintiff alleges nothing to suggest that the force used was not needed or that less force could have been used under these circumstances. Plaintiff alleges solely (in just a few short sentences) that defendant Speth shot him with a "sponge round" while plaintiff was engaged in a physical altercation with another prisoner. ECF No. 1 at 3. If plaintiff chooses to amend his

complaint, he should add factual allegations regarding the circumstances of the shooting.

**CONCLUSION AND ORDER**

I have screened plaintiff's complaint and find that it fails to state a cognizable claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed with this suit. An amended complaint would need to allege what each defendant did and why those actions violated plaintiff's constitutional rights. If plaintiff fails to amend his complaint within thirty days, I will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint,[2] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in

---

[2] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

4

sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly,

1. Within thirty days from the service of this order, plaintiff must file a First Amended Complaint.

2. Failure to comply with this order will result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   November 22, 2019                             _____
                                                                              UNITED STATES MAGISTRATE JUDGE

No. 205.