UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SPETH,<br><br>　　　　　Defendant. | Case No. 1:19-cv-01032-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS AND DISMISSING THIS CASE WITHOUT PREJUDICE[1]<br><br>Doc. No. 27<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS[2] |

　　　　This matter was reassigned to the undersigned on November 17, 2020. (Doc. No. 27). Pending before the court is defendant's motion for dismissal based on plaintiff's failure to prosecute, filed November 6, 2020. (Doc. No. 27.) Defendant Speth moves to dismiss this action for plaintiff's failure to comply with this court's Local Rules and failure to prosecute this action.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).
[2] Because plaintiff appears to no longer be incarcerated, the court affords plaintiff the statutory fourteen-day period within which to file objections

1

(*Id*). As more fully set forth below, the undersigned recommends the court grant defendant's motion to dismiss due to plaintiff's failure to prosecute and failure to keep the court apprised of his address.

## FACTS AND BACKGROUND

Plaintiff Kenneth Davis initiated this action, as a state prisoner proceeding *pro se* and *in forma pauperis*, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. Nos. 1.) Following a second screening order issued on April 6, 2020, the court determined the first amended complaint stated a cognizable Eighth Amendment claim against defendant Speth and authorized service of process. (Doc. No. 13 at 1-2.) Speth filed an answer and affirmative defenses on August 6, 2020. (Doc. No. 24.) On August 7, 2020, the court issued its discovery and scheduling order. (Doc. Nos. 25, 26.) In August and September of 2020, the discovery and scheduling orders were returned as "undeliverable" indicating plaintiff had been released from custody on July 31, 2020. On December 4, 2020, the court's order reassigning this case to the undersigned also was retuned as "Undeliverable" again indicating that plaintiff had been released on July 31, 2020 and the institution was unable to forward. As of the date on these findings and recommendations, plaintiff has not provided an updated address. (*See* docket). Defendant Speth served discovery requests on plaintiff but the requests were returned as undeliverable. (Doc. No. 27 at 1).

## II. APPLICABLE LAW

This court's Local Rules require litigants to keep the court apprised of their current address and permits dismissal when the litigant fails to comply. Specifically:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

E.D. Cal. Loc. R. 183(b) (2019); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address." Precedent supports a dismissal of a case when a litigant fails to keep the court appraised on his address. *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court

2

dismissed case without prejudice after *pro se* plaintiff did not comply with local rule requiring *pro se* plaintiffs keep court apprised of addresses at all times); *Hanley v. Opinski*, Case No. 1:16-cv-391-DAD-SAB, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and failure to provide court with current address).

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

////

////

III. ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissing this case is warranted. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Attempting a less drastic action, such as issuing an order to show cause, would be futile because plaintiff has failed to update his address and thus any correspondence sent to him will be returned. Additionally, the instant dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Contrary to Local Rule 183(b), well in excess of 63 days have passed since mail was returned as undeliverable and plaintiff has not updated his mailing address or otherwise contacted the court. Defendant's discovery requests have been unanswered and returned as undeliverable, preventing defendant from defending against this action. (Doc. No. 27 at 1.) Considering these factors and those set forth *supra*, as well as binding case law, the undersigned recommends

defendant's motion to dismiss be granted and that this action be dismissed, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rules 110 and 183(b).

Accordingly, it is **RECOMMENDED**:

1. Defendant's motion to dismiss due to plaintiff's failure to prosecute (Doc. No. 27) be **granted**.

2. This case be dismissed without prejudice.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 12, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5